## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-0968 AG (RNBx) | Date | November 13, 2009 |
|---|---|---|---|
| Title | LI MING TSENG v. MARUKAI CORPORATION U.S.A., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

**Proceedings:**          **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS**

This case concerns alleged patent infringement of United States Patent No. 5,628,062, entitled "Arm and Hand UV Protection Sleeve For Driving," and related claims. Defendant Marukai Corporation U.S.A. ("Defendant") has filed a Motion to Dismiss ("Motion"). In the Motion, Defendant argues that Plaintiff Li Ming Tseng ("Plaintiff") has failed to state a claim upon which relief can be granted. The Court finds this matter appropriate for decision without oral argument. FED. R. CIV. P. 78. Accordingly, the Court VACATES the hearing on this matter scheduled for November 16, 2009. The Court GRANTS the Motion with leave to amend.

As an initial matter, Plaintiff is mistaken about the level of detail a complaint must have to successfully state a claim. Plaintiff believes that a court "should dismiss a complaint [for failure to state a claim] only if it can determine with certainty that the plaintiff cannot prove any set of facts that would allow relief under the allegations in the complaint." (Opp'n 2:2-5.) As the Supreme Court explained, more is required than Plaintiff thinks.

Though "'detailed factual allegations' are not required," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007)), the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0968 AG (RNBx) | Date | November 13, 2009 |
|---|---|---|---|
| Title | LI MING TSENG v. MARUKAI CORPORATION U.S.A., et al. | | |

at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In *Twombly*, the Supreme Court rejected the "no set of facts" test referred to by Plaintiff. 550 U.S. at 563 ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."). To state viable claims, Plaintiff must comply with federal pleading requirements as explained in *Iqbal* and *Twombly*.

Plaintiff's claim for patent infringement fails to do so. Plaintiff alleges that "defendants were selling goods that infringe upon Plaintiff's . . . patent." (Compl. ¶ 9.) Plaintiff makes similar assertions throughout the complaint, (Compl. ¶¶ 10-14), but these allegations are all too conclusory to support a claim under *Twombley* and *Iqbal*. And while Plaintiff attaches a sales receipt to the Complaint and argues that the receipt "show[s] the goods that are the subject of an infringing transaction," (Opp'n 3:3-4), the Complaint "does nothing to establish that the referenced transaction has anything whatsoever to do with patent infringement," (Reply 2:18-20). Thus, the patent infringement claim fails to state sufficient facts to "'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's claims for false advertising and unfair competition share this defect. Plaintiff alleges that "defendants falsely advertised their infringing goods as genuine and authorized products by imprinting the Patent In Suit's patent number." (Compl. ¶ 15.) Defendant argues, and the Court agrees, that "'false advertising' is a legal conclusion that can only be reached when the facts support it." (Reply 3:12-13.) Since Plaintiff "offers no facts to suggest what kind of advertising Defendants engaged in, what they said, or why it was false," Plaintiff's false advertising claim fails. (Reply 3:14-15.) And since

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-0968 AG (RNBx) | Date | November 13, 2009 |
|----------|------------------------|------|-------------------|

| Title | LI MING TSENG v. MARUKAI CORPORATION U.S.A., et al. |
|-------|------------------------------------------------------|

Plaintiff's unfair competition claim hinges on the success of the false advertising claim, it fails as well.  (*See* Opp'n 2:18-21.)

## **DISPOSITION**

The Motion is GRANTED with leave to amend.  If Plaintiff wishes to do so, Plaintiff may file an amended complaint setting forth adequate allegations within 14 days of this Order. The amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.  The amended complaint should reflect any changes, preferably in a red-lined copy.

_____ :   0

Initials of
Preparer        lmb _____